NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK LEEROY LYON, | No. 12-35671 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01204-BAT |
| v. | |
| F/V ENDURANCE, O.N. 276678, Her Engines, Machinery, Appurtenances, etc., In Rem; JOHN LIDDICOAT; LIDDICOAT FISHERIES INC, In Personam, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted July 11, 2013[**]
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, District Judge.[***]

Plaintiff-Appellant Mark Lyon appeals the district court's grant of summary judgment in favor of Defendants-Appellees on Lyon's admiralty claims for seaman's injury. The district court held that Lyon fully understood his rights at the time he executed the seaman's release agreement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"Applicable law requires that we scrutinize the validity of a seaman's release under principles of admiralty law analogous to the duty owed by a fiduciary to a beneficiary, not solely under principles of contract law." *Orsini v. O/S SEABROOKE O.N.*, 247 F.3d 953, 959–60 (9th Cir. 2001) (citing *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 247 (1942)). To determine whether a seaman fully understands his rights at the time a seaman's release is executed, the court considers: (1) the adequacy of the consideration; (2) the nature of the medical advice available to the seaman at the time of signing the release; and (3) the nature of the legal advice available to the seaman at the time of signing the release. *Garrett*, 317 U.S. at 248.

---

[***] The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for the Western District of Louisiana, sitting by designation.

The district court did not err in determining that the consideration provided for in the release was adequate, based on the undisputed evidence regarding the nature and extent of Lyon's injuries. Additionally, no reasonable juror could have concluded that the consideration paid by Defendants-Appellees was never received by Lyon, as he claimed.

The district court also did not err in determining that Lyon received sufficient medical advice regarding the extent of his injuries and the disability resulting from those injuries. The evidence demonstrates that Lyon visited the doctor on several occasions over the course of his treatment, and had numerous opportunities to inform himself about the nature and extent of his injuries.

Finally, the district court did not err in determining that Lyon was sufficiently aware of his legal rights at the time he executed the release. Although Lyon was not represented by counsel at the time he executed the release, the facts surrounding the execution suggest that Lyon was an informed party who bargained for favorable terms in the release agreement, and later treated the agreement as valid when he requested reimbursements for medical expenses through September 2010.

**AFFIRMED.**

3